IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DRAPER FRANK WOODYARD, III,   )
                              )
     Plaintiff,              )
                              )
v.                         )       CASE NO. 2:26-cv-141-RAH
                              )             [WO]
COMMISSIONER HAMM, et al.,    )
                              )
     Defendants.           )

## ORDER

Plaintiff, an inmate proceeding *pro se*, initiated this action by filing a Complaint under 42 U.S.C. § 1983. (Doc. 1.) Rather than paying the requisite $405.00 filing and administrative fees,[1] Plaintiff filed an application for leave to proceed *in forma pauperis*. (Doc. 5.) Upon review of Plaintiff's filings, and as explained below, this action will be DISMISSED without prejudice because Plaintiff has had at least three federal lawsuits dismissed as frivolous, malicious, or for failure to state a claim and thus has accumulated three "strikes" under 28 U.S.C. § 1915(g). Plaintiff also has not demonstrated that he meets § 1915(g)'s imminent-danger exception to the three-strikes bar.

As an initial matter, the Prison Litigation Reform Act ("PLRA") imposes specific restrictions on civil rights lawsuits filed by inmates in federal court. One key restriction is known as the "three strikes" provision, which states:

---

[1] The filing fee for a non-habeas civil action includes a $350 statutory fee under 28 U.S.C. § 1914(a) and a $55 administrative fee under § 1914(b) and the District Court Miscellaneous Fee Schedule established by the Judicial Conference of the United States.

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The purpose of this provision is "to curtail abusive prisoner litigation." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam); *see also Wells v. Brown*, 58 F.4th 1347, 1355 (11th Cir. 2023) ("By taking away the privilege of proceeding *in forma pauperis* from prisoners who have struck out, the rule is 'designed to filter out the bad claims and facilitate consideration of the good.'" (quoting *Jones v. Bock*, 549 U.S. 199, 204 (2007))). Under this provision, if a prisoner has three or more qualifying dismissals, or "strikes," and fails to pay the required filing fee at the time a new complaint is filed, the Court must dismiss the case without prejudice. *See Dupree*, 284 F.3d at 1236. As the Eleventh Circuit explained in *Dupree*, the three-strikes prisoner cannot cure such failure by paying the filing fee after the complaint has been filed:

> We conclude that the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he *initiates* the suit.

*Id.*; *accord Daker v. Ward*, 999 F.3d 1300, 1310 (11th Cir. 2021).

Plaintiff has filed numerous civil actions while incarcerated and has accumulated at least three strikes under § 1915(g).[2] *See, e.g.*, *Woodyard v. King, et*

---

[2] A review of Plaintiff's litigation history on the Public Access to Court Electronic Records ("PACER") website indicates that Plaintiff has filed more than 40 cases in the Northern, Middle,

2

*al.*, Case No. 1:22-cv-183-TFM-MU (S.D. Ala. filed May 4, 2022) (dismissed on October 31, 2022, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); *Woodyard v. Hoylt*, Case No. 1:25-cv-183-TFM-N (S.D. Ala. filed Apr. 29, 2025) (dismissed on February 13, 2026, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)–(iii)); *Woodyard v. S. Baldwin Hosp., et al.*, Case No. 1:25-cv-308-JB-MU (S.D. Ala. filed July 28, 2025) (dismissed on September 10, 2025, pursuant to 28 U.S.C. § 1915(e)(2)(b)(i)). These dismissals place Plaintiff in violation of § 1915(g).  Consequently, multiple subsequent civil actions filed by Plaintiff have been dismissed pursuant to § 1915(g)'s three-strikes provision.  *See, e.g.*, *Woodyard v. The Ala. Dep't of Corr., et al.*, Case No. 2:26-cv-857-MHH-HNJ (N.D. Ala. filed May 20, 2026) (dismissed on July 7, 2026, pursuant to 28 U.S.C. § 1915(g)); *Woodyard v. S. Baldwin Med. Grp., et al.*, Case No. 1:26-cv-99-KD-N (S.D. Ala. filed Mar. 20, 2026) (dismissed on April 10, 2026, pursuant to 28 U.S.C. § 1915(g)); *Woodyard v. Windom, et al.*, Case No. 2:26-cv-25-MHT-CWB (M.D. Ala. filed Jan. 12, 2026) (dismissed on May 26, 2026, pursuant to 28 U.S.C. § 1915(g)).[3]

Because Plaintiff has accrued at least three strikes under § 1915(g), he cannot proceed *in forma pauperis* in this case unless he was "in imminent danger 'at the time that he s[ought] to file his suit in district court.'"  *Daker*, 999 F.3d at 1310–11

---

and Southern Districts of Alabama. Courts regularly take judicial notice of a prisoner's litigation history in federal courts when determining whether the prisoner has accrued three strikes under § 1915(g).  *See, e.g.*, *Lloyd v. Benton*, 686 F.3d 1225, 1226 (11th Cir. 2012) (noting the district court took "judicial notice of [the prisoner's] status as a 'three strikes' litigant under the PLRA"); *Lee v. Fla. Dep't of Corr.*, 2025 WL 1113423, at *1 & n.1 (S.D. Fla. Apr. 15, 2025) (taking judicial notice of the prisoner's prior federal lawsuits to dismiss the action under the "three-strikes" rule); *Burton v. Walker*, 2025 WL 241115, at *2 (M.D. Ala. Jan. 17, 2025) (taking judicial notice of its own records to evaluate the prisoner's three-strikes status under § 1915(g)); *see also United States v. Glover*, 179 F.3d 1300, 1303 n.5 (11th Cir. 1999) ("A court may take judicial notice of its own records and the records of inferior courts." (citation omitted)).  Moreover, the final dispositions of a prisoner's prior federal lawsuits "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).

[3] This list is not exhaustive.

(quoting *Medberry v. Butler*, 185 F.3d 1189, 1192–93 (11th Cir. 1999)).  In assessing whether a prisoner qualifies for the imminent danger exception under § 1915(g), the Court considers a complaint in its entirety, "construing it liberally and accepting its allegations as true."  *Daker*, 999 F.3d at 1311 (quoting *Wells v. Brown*, 387 F.3d 1344, 1350 (11th Cir. 2004)).  The allegations in Plaintiff's Complaint, construed liberally and accepted as true, fail to trigger the imminent danger exception to the three-strikes provision.  (*See generally* doc. 1.)  Accordingly, this action is due to be dismissed pursuant to 28 U.S.C. § 1915(g).

For the reasons set forth above, it is **ORDERED** that:

(1)     The Court's Order of May 11, 2026 (doc. 7), which granted Plaintiff leave to proceed *in forma pauperis* and required payment of the filing fee in this action, is **VACATED**; and

(2)     This case is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g).

Final Judgment will be entered separately.

**DONE** and **ORDERED** on this 21st day of July 2026.

R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE

4